IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN BOARD, | ) | CASE NO. 1:12 CV 637 |
| | ) | |
| Petitioner, | ) | JUDGE LESLEY WELLS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| MARGARET BRADSHAW, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me[1] is the petition of Steven Board for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Board was indicted by the January, 2010 Term of the Cuyahoga County, Ohio Grand Jury on three counts of trafficking in violation of Ohio Revised Code § 2925.03(A)(1), with one count carrying a major drug offender as well as a forfeiture specification; four counts of trafficking, in violation of R.C. § 2925.03(A)(2), with all four counts carrying major drug offender and/or forfeiture specifications; five counts of drug possession in violation of R.C. § 2925.11(A), with three counts carrying major drug offender and/or forfeiture specifications; and one count of possessing criminal tools, in violation of R.C. § 2923.24(A), with forfeiture specifications.[3]

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Lesley Wells by order dated June 19, 2012. ECF # 5.

[2] ECF # 1.

[3] ECF # 10, Attachment at 1.

On September 24, 2010, Board withdrew his not guilty pleas and entered a plea of guilty to one amended count of trafficking with forfeiture specifications under a plea agreement with the State.[4] As agreed, the State deleted the major drug offender specification and all remaining counts of the indictment were nolled.[5]

Board is serving an agreed, mandatory seven-year sentence.[6] He is currently incarcerated at the Richland Correctional Institution in Mansfield, Ohio.[7]

Board raises two grounds for habeas relief.[8] The State has moved to dismiss the petition as time-barred.[9] Board has filed an opposition.[10]

For the reasons that follow, I will recommend Board's petition be dismissed as untimely.

---

[4] ECF # 10, Attachment at 106.

[5] ECF # 10, Attachment at 106-08.

[6] ECF # 10, Attachment at 123.

[7] ECF # 9 at 1.

[8] ECF # 1.

[9] ECF # 9.

[10] ECF # 11.

# Facts

### A. Underlying facts, conviction, and sentence

Because Board did not file a direct appeal of his conviction, no statement of the facts regarding his crimes appears in the record.[11]

### B. Direct Appeal

#### 1. *Ohio Court of Appeals*

Board, *pro se*, did not file a timely[12] notice of appeal with the Ohio Court of Appeals.[13] Instead, on June 29, 2011, he filed a *pro se* notice of appeal,[14] a motion for leave to seek delayed appeal,[15] and a merit brief.[16] In his brief, Board presented five assignments of error:

> 1. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO ADVISE APPELLANT THAT, HE FACED AN ADDITIONAL MANDATORY PENALTY, I.E. A SIX MONTH TO FIVE YEAR SUSPENSION OF HIS DRIVER'S LICENSE UNDER R.C. §2925.03(D)(2), THEREBY VIOLATING HIS RIGHTS TO DUE PROCESS AND EQUAL PROTECTION UNDER THE U.S. CONSTITUTION.

---

[11] ECF # 9 at 6.

[12] Board's conviction and sentence were journalized on November 4, 2010 (ECF # 10, Attachment at 20), and the notice of appeal was filed on June 29, 2011 (ECF # 10, Attachment at 21).

[13] ECF # 9 at 2.

[14] ECF # 10, Attachment at 21-22.

[15] ECF # 10, Attachment at 37-45.

[16] ECF # 10, Attachment at 46-67.

2. THE TRIAL COURT VIOLATED CRIM.R. 11 WHEN IT FAILED TO INFORM THE DEFENDANT OF THE FULL RAMIFICATION OF VIOLATING POST RELEASE CONTROL THEREBY TENDERING HIS PLEA UNKNOWINGLY, INVOLUNTARY, AND UNINTELLIGENT. AS A RESULT, MR. BOARD'S RIGHTS TO DUE PROCESS AND EQUAL PROTECTION UNDER THE U.S. CONSTITUTION HAS BEEN VIOLATED.

3. THE TRIAL COURT VIOLATED CRIM.R. 11, WHEN IT FAILED TO INFORM THE DEFENDANT HE COULD BE IMPRISONED FOR NOT PAYING THE MANDATORY FINE PURSUANT TO R.C. 2925.03(D)(1) AND R.C. 2949.09 PRIOR TO ACCEPTING HIS PLEA, THEREBY RENDERING HIS PLEA UNKNOWINGLY, INVOLUNTARY, AND UNINTELLIGENT. AS A RESULT, MR. BOARD'S RIGHTS TO DUE PROCESS AND EQUAL PROTECTION UNDER THE U.S. CONSTITUTION HAS BEEN VIOLATED.

4. THE TRIAL COURT VIOLATED CRIM.R. 11, WHEN IT FAILED TO ADVISE APPELLANT THE COURT COULD HAVE IMPOSED SANCTION PURSUANT TO R.C. 2929.18, THEREBY FAILING TO ADVISE APPELLANT OF THE MAXIMUM PENALTY, AS A RESULT, APPELLANT DID NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTER HIS PLEA. AS A RESULT, MR. BOARD'S RIGHTS TO DUE PROCESS AND EQUAL PROTECTION UNDER THE U.S. CONSTITUTION HAS BEEN VIOLATED.

5. THE TRIAL COURT ERRED WHEN IT IMPOSED COURT COST IN MR. BOARD'S JUDGMENT ENTRY WHEN IT FAILED TO DO SO IN OPEN COURT, THEREBY VIOLATING CRIM.R. 43 AND APPELLANT'S RIGHTS TO DUE PROCESS AND EQUAL PROTECTION.[17]

---

[17] ECF # 10, Attachment at 49.

The State filed a motion for extension of time to file its brief until after the court makes a ruling on Board's motion for leave to appeal.[18] The Ohio appeals court denied Board's motion for leave to file delayed appeal,[19] dismissed Board's appeal,[20] and denied as moot the State's motion for extension of time to file its brief.[21]

## 2.   *The Supreme Court of Ohio*

Board, *pro se*, thereupon filed a timely[22] notice of appeal with the Ohio Supreme Court.[23] In his memorandum in support of jurisdiction, he raised three propositions of law:

1. WHEN A DEFENDANT IS NOT INFORMED BY THE TRIAL COURT OR COUNSEL OF HIS RIGHT TO APPEAL HE IS DENIED DUE PROCESS AND EQUAL PROTECTION OF THE LAW, IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

2. WHEN TRIAL COUNSEL FAILS TO ENSURE THAT A DEFENDANT IS PROPERLY INSTRUCTED AS TO HIS RIGHT TO APPEAL, AND FAILS TO ENSURE THAT A TIMELY NOTICE OF APPEAL IS FILED, APPELLANT IS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION TEN AND SIXTEEN OF THE OHIO CONSTITUTION.

---

[18] ECF # 10, Attachment at 68.

[19] ECF # 10, Attachment at 70.

[20] ECF # 10, Attachment at 71.

[21] ECF # 10, Attachment at 72.

[22] ECF # 9 at 4.

[23] *Id.*

    3.    WHEN A DEFENDANT IS NOT INFORMED BY THE TRIAL COURT OR COUNSEL OF HIS RIGHT TO APPEAL HE IS DENIED DUE PROCESS AND EQUAL PROTECTION OF THE LAW, IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION. AS A RESULT, OF HIS FAILURE, THE DEFENDANT SENTENCE IS VOID BECAUSE THE TRIAL COURT FAILED TO COMPLY WITH APPLICABLE RULES OF THE CRIMINAL PROCEDURES, THEREFORE MANDATING RESENTENCING PURSUANT TO CRIM.R. 32(B).[24]

The State did not file a memorandum in opposition.[25] On December 21, 2011, the Ohio Supreme Court declined jurisdiction and dismissed the appeal.[26]

**C.    Petition for writ of habeas corpus**

On March 15, 2012, Board, *pro se*, filed a federal petition for habeas relief.[27] As noted above, he raises two grounds for relief:

**GROUND ONE:** PETITIONER WAS DENIED DUE PROCESS AND EQUAL PROTECTION OF LAW, WHEN THE TRIAL COURT DID NOT INFORM HIM OF HIS APPELLATE RIGHTS AND HIS SUBSEQUENT APPLICATION FOR LEAVE TO FILE A DELAYED APPEAL WAS DENIED, IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

**GROUND TWO:** PETITIONER HAS BEEN DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS PROVIDED FOR BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

---

[24] *Id.*

[25] *Id.*

[26] ECF # 10, Attachment at 93.

[27] ECF # 1.

-6-

## Analysis

### A.   Preliminary observations

Before proceeding further, I make the following preliminary observations:

1. There is no dispute that Board is currently in state custody as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[28]

2. In addition, my own review of the docket of this Court confirms that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[29]

4. Moreover, subject to the fair presentment arguments raised by the State, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[30]

5. Finally, Board has requested an evidentiary hearing[31] but, as will be discussed, the proposed resolution of his claim does not involve any new evidence and, so, the request is inapposite.

### B.   Standard of review – timeliness and equitable tolling

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[32] established a one-year period of limitation for habeas petitions filed by persons in custody under the

---

[28] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[29] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (2006).

[30] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[31] ECF # 1 at 4.

[32] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

judgment of a state court.[33] By statute, that limitations period runs from the latest of the following events:

(a) the date on which the judgment against the petitioner became final, *i.e*, the date on which the time for seeking direct review expired;

(b) the date on which any impediment to filing a federal habeas application was removed by the state;

(c) the date on which a newly enacted constitutional right was created and made retroactive to cases on collateral review; or

(d) the date on which the factual predicate of the claim or claims presented could have been discovered by due diligence.[34]

This federal limitations period may be statutorily tolled, however, during this one-year time period. Specifically, the statute provides that the time during which a "properly filed" application for post-conviction relief is pending in state court shall not count against the one-year limitations period.[35] However, as is well-settled, where a state post-conviction petition was not timely filed as a matter of state law, that motion is not "properly filed" for purposes of federal statutory tolling and so does not toll the one-year limitations period.[36] In addition, even a properly filed motion for state post-conviction relief does not serve to restart a one-year limitations period if that period has already expired.[37]

---

[33] 28 U.S.C. § 2254(d).

[34] *Id.*, at § 2244(d)(1)(A)-(D).

[35] 28 U.S.C. § 2244(d)(2).

[36] *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005).

[37] *See*, *Waldron v. Jackson*, 348 F. Supp. 2d 877, 883 (N.D. Ohio 2004).

Further, the statute of limitations is not jurisdictional.[38] Moreover, because the limitations statute is not jurisdictional, the limitations period is subject to equitable tolling.[39] It is the petitioner that has the burden of persuading the court that he is entitled to equitable tolling.[40]

**C.     Application of standard - Board's petition should be dismissed as untimely.**

The sole contested issue in this case is whether Board's petition is untimely.

In that regard, the State sets forth a chronology of filings to indicate that his conviction became final on December 4, 2010, or thirty days after he was sentenced.[41] As the State notes, the conviction became final on that date because Board failed to timely file an appeal of his conviction with the state appeals court.[42] Thus, the State argues, Board's one-year federal habeas limitations clock began to run on December 4, 2010, and so required him to file any action for habeas relief by December 4, 2011.[43] The State further maintains that Board's motion for a delayed appeal on June 29, 2011, did not toll the one-year limitations period because that motion was ruled untimely by the Ohio court.[44] Accordingly,

---

[38] *Day v. McDonough*, 547 U.S. 198, 205 (2006).

[39] *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2554 (2010).

[40] *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

[41] ECF # 9 at 7 (citing record).

[42] *Id.*

[43] *Id.* at 7-8.

[44] *Id.* at 8 (citing *Pace*, 544 U.S. at 414).

the State calculates that the petition was filed more than three months late for purposes of the one-year limitations period.[45]

In addition, and alternatively, the State argues that nothing in the record suggests that Board may start the one-year clock at any of the alternative dates provided for in the statute nor that Board is eligible for equitable tolling.[46]

Board, for his part, contends that he is entitled to equitable tolling because he did not learn of his right to appeal until eight months after his conviction and then "acted with more diligence than most attorneys [after] learning of those rights."[47] He also argues, on the basis of *Wolfe v. Randle*,[48] that he is entitled to a later start date for the one-year limitations period. Specifically, he contends that the date for beginning the one-year clock should be June, 2011, when, he asserts, he first learned of his right to appeal his conviction and sentence from a fellow inmate.[49]

### *1. Later start date for the limitations period*

As to the question of whether Board is entitled to a later starting date for the limitations period, I note initially that 28 U.S.C. § 2244(d)(1)(D) provides that the one-year limitations period may begin on "the date on which the factual predicate of the claim or

---

[45] *Id.* at 9.

[46] *Id.*

[47] ECF # 11 at 8.

[48] *Wolfe v. Randle*, 267 F. Supp. 2d 743 (S.D. Ohio 2003).

[49] ECF # 1 at 3.

claims presented could have been discovered through due diligence." Here, the alleged predicate of the claim is that Board was entitled to appeal. The argument then is that the limitations period should not begin until he discovered this right.

In fact, though, that premise is here incorrect. As Judge Zouhary noted in the similar case of *Thompson v. Sheets*,[50] if no right to appeal exists, "it is axiomatic that due process is not violated if the defendant is not informed of a right to appeal."[51] In particular, Judge Zouhary observed that Ohio law actually precludes appellate review in cases where the sentence is authorized by law, it has been recommended jointly by the prosecution and defense, and has been imposed by the sentencing judge.[52] Similarly, Ohio Criminal Rule 32(B)(2) only imposes a duty on a trial court to notify a defendant of a right to appeal where such a right is applicable.[53] Therefore, as the district court in *Thompson* states, Ohio courts "have consistently interpreted these statutes [sic] to mean that there is no requirement to advise a defendant of a right to appeal from a plea agreement containing a recommended sentence."[54]

---

[50] *Thompson v. Sheets*, No. 3:07 CV 2423, 2009 WL 2176050 (N.D. Ohio July 21, 2009).

[51] *Id.*, at *2 (citation omitted).

[52] *Id.* (citing Ohio Rev. Code § 2953.08(D)(1)).

[53] *Id.*

[54] *Id.* (citations omitted).

On the basis of this point of Ohio law, *Thompson* distinguished the holding in *Wolfe*, which is also heavily relied on here, by concluding that because *Wolfe* did not involve a jointly recommended sentence, *Wolfe* did require a trial court to advise a defendant of his appellate rights.[55] However, as *Thompson* found in that case, and is true in Board's case,[56] "[b]ecause the Petitioner stipulated to his sentence, he did not have the right to be informed of his appellate rights in accordance with R.C. § 2953.08(D)(1)."[57]

Thus, I recommend finding that Board has established no basis for beginning the one-year limitations period at the time in 2011 when he purportedly learned that he had a right to appeal in his case, since he actually never had any such right. Without any later starting date for commencing the limitations period, the issue is whether equitable tolling will provide a means for avoiding dismissal of the petition for untimeliness.

*2.  Equitable tolling*

The Supreme Court has now definitively held that equitable tolling is available to habeas petitioners.[58] In so holding, the *Holland* Court re-emphasized its teaching in *Pace v. DiGuglielmo*[59] that "'a petitioner' is entitled to 'equitable tolling' only if he shows '(1) that

---

[55] *Id.* at *3.

[56] As the plea transcript makes clear, the sentence here was authorized by law, jointly suggested by both the prosecution and defense, and was ultimately imposed by the sentencing judge. *See*, ECF # 10, Attachment 2 (tr. of plea and sentencing).

[57] *Thompson*, 2009 WL 2176050, at *3.

[58] *Holland*, 130 S. Ct. at 2560.

[59] *Pace*, 544 U.S. 408.

-12-

he has been pursuing his rights vigilantly, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."[60] For attorney error to qualify as such an "extraordinary circumstance," *Holland* noted that the facts must show more than "garden variety" attorney misconduct or "excusable neglect."[61]

Here, as stated above, there was no responsibility under Ohio law for the trial court to notify Board of any appeal rights in this case. Thus, neither the absence of notice concerning rights of appeal by the trial court nor any failure by Board's trial attorney to object to the court's failure to give such a notice can be any sort of extraordinary circumstance that would give rise to equitable tolling of the one-year limitations statute.

I note further that the Supreme Court has recently ruled that a credible showing of actual innocence may also permit a habeas claim to be heard beyond the one-year limitations period.[62] To qualify under this actual innocence exception to the one-year statute of limitations, a petitioner must produce new evidence showing that it is more likely than not that no reasonable juror would have convicted the petitioner.[63] Board, who pled guilty to the offenses here, has not advanced such an actual innocence argument.

---

[60] *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418).

[61] *Id.*

[62] *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1934 (2013).

[63] *Id.* at 1933 (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

## Conclusion

Accordingly, for the reasons stated above, I recommend that Steven Board's petition for habeas relief be dismissed as untimely.

Dated:  July 15, 2013                                s/ William H. Baughman, Jr.
                                                     United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[64]

---

[64] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).