IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
STEVEN BOARD,  : CASE NO. 1:12 CV 00637
 :
 Petitioner : MEMORANDUM OF OPINION AND
 : ORDER ADOPTING THE
 -vs- : MAGISTRATE JUDGE'S REPORT AND
 : RECOMMENDATION AND
 : DISMISSING THE PETITIONER'S
MARGARET BRADSHAW, Warden, : PETITION FOR HABEAS RELIEF
 :
 Respondent.
--------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

     Pursuant to Local Rule 72.2(b)(2), the instant petition for the Writ of Habeas Corpus was referred to United States Magistrate Judge William H. Baughman for report and recommendation ("R&R"). On 15 July 2013, the Magistrate Judge recommended that the Petition be dismissed as untimely. (Doc. 12). *Pro se* petitioner Steven Board now objects. (Doc. 13). For the reasons that follow, the objections will be overruled, the R&R adopted, and the petition dismissed as untimely

**I. Standard of Review**

This Court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." Local Rule 72.3(b). The failure by either party to file specific objections constitutes a waiver of the right to appeal the Magistrate Judge's recommendations. Thomas v. Arn, 474 U.S. 140, 155 (1985); Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508–09 (6th Cir.1991).

**II. Background**

In January 2010, Mr. Board was indicted by a Cuyahoga County Grand Jury on a battery of drug offenses. On 24 September 2010, he entered a plea of guilty to one count of trafficking with forfeiture specifications pursuant to a plea agreement, and all remaining charges were dropped. On 4 November 2010, Mr. Board was sentenced to a mandatory, agreed upon sentence of seven years incarceration. Mr. Board did not file a timely appeal. Instead, on 29 June 2011, proceeding *pro se*, he filed a notice of appeal and a motion for leave to file a delayed appeal in the Ohio Court of Appeals. On 27 July 2011, the motion was summarily denied and the appeal dismissed. On 12 September 2011, Mr. Board filed an appeal to the Supreme Court of Ohio, which was dismissed on 21 December 2011, as not involving any substantial constitutional question.

On 15 March 2012, Mr. Board, *pro se*, filed the instant habeas action raising two grounds for relief:

> Ground One: Petitioner was denied due process and equal protection of law, when the trial court did not inform him of his appellate rights[,] and his

2

> subsequent application for leave to file a delayed appeal was denied, in violation of the Fourteenth Amendment to the United States Constitution.
>
> Ground Two: Petitioner has been denied effective assistance of counsel as provided for by the Sixth Amendment of the United States Constitution.

(Doc. 1). On 19 June 2012, the case was referred to Magistrate Judge Baughman for a report and recommended decision pursuant to Local Rule 72.2. (Doc. 5). On 12 September 2012, the respondent filed a motion to dismiss Mr. Board's petition as time-barred. On 15 July 2013, the Magistrate Judge issued a report and recommendation advising that the respondent's motion be granted and Mr. Board's petition be dismissed.

### III. The Report and Recommendation

The Magistrate Judge concluded that Mr. Board's petition was filed too late. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitation period applies to an application for a writ of habeas corpus by person in custody pursuant to the judgment of a State court. Under AEDPA, the limitation period runs from the latest of four possible dates, two of which are relevant here:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> * * *
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In this instance, the Magistrate Judge concluded that the limitation period began running on the date on which the state court judgment became final, pursuant to 28 U.S.C. § 2244(d)(1)(A). According to the Magistrate Judge, Mr. Board's conviction became final on 4 December 2010, thirty days after he was sentenced, since it was on

3

this date that the time for seeking appellate review expired. The limitation period concluded one year later on 4 December 2011. Therefore, the Magistrate Judge advised that Mr. Board's habeas petition, filed 15 March 2012, was too late.

The Magistrate Judge rejected Mr. Board's contention that the limitation period started running at a later time in June 2011 pursuant to 28 U.S.C. § 2244(d)(1)(D), when Mr. Board claims to have learned from a fellow inmate that he had a right to appeal. The Magistrate Judge reasoned that Mr. Board's alleged discovery that he an appeal right could not form a predicate for his habeas claims, because he in fact had no right of appeal. As noted by the Magistrate Judge, Ohio law precludes appellate review in cases like Mr. Board's, where the sentence is authorized by law, it has been recommended jointly by the prosecution and defense, and has been imposed by the sentencing judge. See Ohio Rev. Code § 2953.08(D)(1). As a consequence, the Magistrate Judge reasoned, there was no requirement that the sentencing court advise Mr. Board of his appeal rights since he had none. See Thompson v. Sheets, 2009 WL 2176050 (N.D. Ohio July 21, 2009) (if no right to appeal exists, "it is axiomatic that due process is not violated if the defendant is not informed of a right to appeal."). Thus, because Mr. Board had discovered a right that did not exist, his "discovery" could not form the basis of a habeas claim, making § 2244(d)(1)(D) inapplicable.

The Magistrate Judge also concluded that Mr. Board is not entitled to equitable tolling. Equitable tolling is appropriate when (1) the petitioner "has been pursuing his rights vigilantly," and (2) "some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 130 S.Ct. 2549, 2562 (2010). The Magistrate Judge reasoned that because Mr. Board had no appeal right, neither the trial court's

4

failure to advise him of his rights nor his trial attorney's failure to object amounted to the sort of extraordinary circumstance that would give rise to equitable tolling.

. **III. Discussion**

Mr. Board objects to the Magistrate Judge's recommendation and again argues that the limitation period should have started running in June 2011, when he allegedly learned that he had an appeal right. Before addressing the petitioner's specific objection, the Court observes that Mr. Board's initial argument on this point should be rejected for reasons in addition to those described by the Magistrate Judge.

Mr. Board's argument is without merit because it conflates his discovery of a legal right (which the magistrate correctly concluded did not exist) with the discovery of the factual predicate of his claim. Under 28 U.S.C. § 2244(d)(1)(D), the one-year limitation period runs from "the date on which the *factual predicate* of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D) (emphasis added). "[F]actual predicate" means "evidentiary facts or events, and not court rulings or legal consequences of the facts." Holmes v. Spencer, 685 F.3d 51, 59 (1st Cir. 2012). In this instance, the factual predicate for Mr. Board's claim is that the trial court failed to inform him of his purported right to appeal. Through the exercise of due diligence, Mr. Board could have discovered on the day of sentencing that he was not so informed. Therefore, based on the date the factual predicate for his claim could have been discovered, the limitations period would have began running on 4 November 2010.

Mr. Board's discovery in June 2011 of a claimed right to appeal relates to the legal consequences of the facts, not whether or not the facts themselves were

5

discoverable through the exercise of due diligence. As such, his June 2011 discovery is irrelevant to the statute of limitations analysis under 28 U.S.C. 2244(d)(1)(D), because "[a] plaintiff's ignorance of the existence of a legal right of action based on his injury does not operate to delay accrual of his claim." Marrapese v. Rhode Island, 749 F.2d 934, 943 (1st Cir.1984) (citing U.S. v Kubrick, 444 U.S. 111, 122 (1979)).

For this same reason, Mr. Board's objections to the R&R have no merit. He argues that because the waiver of his appeal rights was not knowing and intelligent, the limitations period should have begun on the date that he learned that he had appeal rights. As already explained, Mr. Board's discovery of a legal right is not a "factual predicate" that would trigger the start of the limitation period under 28 U.S.C. § 2244(d)(1)(D). Therefore, Mr. Board's argument that the statute of limitations started running in June of 2011 is rejected.

Under the AEDPA, the limitations period begins to run from the latest date described in 28 U.S.C. § 2244(d)(1). As correctly determined by the Magistrate Judge, that date was 4 December 2010, when Mr. Board's judgment of conviction became final. The statute of limitations expired one year later on 4 December 2011. Therefore, Mr. Board's habeas petition, filed on 15 March 2012, was untimely.

**IV. Conclusion**

For the reasons stated above, the petitioner's objections are overruled, the R&R is adopted, and the petition is dismissed. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

    /s/ Lesley Wells
UNITED STATES DISTRICT JUDGE

Date: 21 February 2014